UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN AMBROSE,

                        Plaintiff,           CV-03-0411 (TCP) (MLO)

                                                         **MEMORANDUM**
                                                              **AND**
            -against-                            **ORDER**

JAMES KORINES, individually and as a
police officer of the Southampton Village
Police Department; TIM CAROLAN,
individually and as a police officer of
the Southampton Village Police Department;
ANDREA ALLEN, individually and as a
police officer of the Southampton Village
Police Department; VILLAGE
OF SOUTHAMPTON,

                        Defendants.
----------------------------------------X
PLATT, District Judge.

       Police Officer James Korines ("Officer Korines"), Police Officer Tim Carolan ("Officer Carolan"), Police Officer Andrea Allen ("Officer Allen"), and the Village of Southampton ("Village"), (collectively "Defendants"), move for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Defendants move on three (3) grounds: (i) the Village Defendants did not violate the Plaintiff John Ambrose's ("Plaintiff" or "Ambrose") constitutional right to be free from excessive force, (ii) the Village Defendants did not violate Plaintiff's

1

State law right to be free from malicious prosecution, and (iii) the Defendants are entitled to qualified immunity. For the following reasons, Defendants' motion is **GRANTED** as to the count of excessive force, and the remaining State law malicious prosecution claim is **REMANDED** to State court for its consideration.

## Background

Officer Korines arrested Ambrose on June 30, 2000 for alleged harassment (Compl. ¶ 7) pursuant to a Southampton Town warrant. (Defs.' Ex. D) Plaintiff was arrested for allegedly threatening to kill Officer Carolan and his family. (Defs.' Ex. C) Ambrose, however, admits only to calling Officer Carolan a "punk" on two separate occasions because Carolan allegedly caused Ambrose to lose his dog in a previous, non-detailed incident. (Defs.' Ex. I, p. 62 and p. 64) The harassment charges were ultimately dismissed on April 18, 2002 due to Officer Carolan's unavailability for trial. (Defs'. Mem. Sum. J. at 2)

During the arrest and while en route to the police station, Ambrose complained about discomfort he was experiencing from the handcuffs that were cuffed behind his back. Officer Allen replied that the handcuffs would not be on for much longer. (Defs.' Ex. H (Allen Aff. at ¶ 21); Defs.' Ex. 1 (Ambrose Aff. at ¶¶ 3-4)) At the Village Police Department Headquarters, while Ambrose was sitting on a bench in the detention area, Ambrose attempted to bring his cuffed

hands to the front of his body, by sliding them under his legs. (Defs.' Ex. F (Ambrose Aff. at ¶ 18) Officer Allen saw Ambrose attempting this maneuver and rushed toward the Plaintiff. Officer Allen stepped on the Plaintiff's handcuffs (which at that time were near the floor) and pushed him back down onto the bench. (Defs.' Ex. H (Allen Aff. at ¶ 16); Defs.' Ex. F (Ambrose Aff. at ¶ 7-8)) Ambrose alleges that Officer Allen stepped on the handcuffs several times after she stopped his maneuvering. (Defs.' Ex. F (Ambrose Aff. at ¶ 10)) According to the complaint, Ambrose sustained cuts to the hands and back pain as a result of this incident involving the handcuffs. (Compl. at ¶ 20)

Defendants here move for summary judgment on Plaintiff's State law claim for malicious prosecution and his federal claim for excessive force.[1]

## Discussion

In a motion for summary judgment, the Defendants bear the burden of demonstrating that, after resolving all ambiguities and drawing all inferences in favor of Ambrose, there are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. FED. R. CIV. P. 56. Material facts are

---

[1] Originally, Plaintiff brought various federal claims for malicious prosecution, illegal search, and false arrest; however, he now concedes they are "not actionable." (Pl.'s Mem. at 1)

those which may affect the outcome of the case, and a factual dispute is genuine where a reasonable jury may return a verdict for the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Here, Defendants move for summary judgment on three (3) grounds: (i) the Village Defendants did not violate Plaintiff Ambrose's rights under the Fourth Amendment or 42 U.S.C. § 1983 to be free from excessive force, (ii) the Village Defendants did not violate Plaintiff Ambrose's right under State law to be free from malicious prosecution, and (iii) the Defendants are entitled to qualified immunity.

A. **Fourth Amendment and 42 U.S.C. § 1983 Claim for Excessive Force**

    1. <u>Violation of the Fourth Amendment and 42 U.S.C. § 1983</u>

Ambrose claims that Officer Allen subjected him to excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983 when Officer Allen stopped Ambrose from further manipulation of his handcuffs. "Where the excessive force claim arises in the context of an arrest...it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons...against unreasonable...seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989). The Fourth Amendment reasonableness standard requires consideration of the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of

the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. The reasonableness of an officer's use of force should be judged according to an objective standard, looking at the facts and circumstances the officer was facing at the moment he or she employed the force, and must account for "the fact that police officers are often forced to make split-second judgments." Id. at 397. The Supreme Court recently reasserted that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Saucier v. Katz, 533 U.S. 194, 209 (quoting Graham, 490 U.S. at 396).

In the present case, when Ambrose complained of his discomfort, Officer Allen told him that he would have to wait a short time until the handcuffs could be removed. However, Ambrose defied the officer's instructions by maneuvering the handcuffs under his legs. Such a maneuver may easily be viewed as aggressive and threatening by putting the safety of others at risk. By having his hands in the front of his body, Ambrose would be better able to escape or to assault someone. Officer Allen was merely doing her job to contain the risk that Ambrose posed. Ambrose alleges that as a result of the force employed by Officer Allen he sustained "cuts to the back of his hand resulting in visible injury which persisted for no less than a week," and saw his chiropractor "no less than four times" for "discomfort in his back, neck and shoulder." (Ambrose Aff. at ¶¶

5

11-12) This very general description of the alleged injuries sustained suggests that the alleged injuries were not serious or extensive enough to warrant a claim for excessive force, especially in light of the fact that Officer Allen justifiably perceived Ambrose as a significant risk at the time she employed the force. Officer Allen's use of force appears reasonable and justified, and not excessive in violation of the Fourth Amendment or § 1983. For these reasons, the motion for summary judgment of the excessive force claim is granted.

    2.    Qualified Immunity for the Excessive Force Claim

The doctrine of qualified immunity shields police officers from liability for damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. An officer accused of excessive force is entitled to qualified immunity if he or she had the objectively reasonable belief that his or her conduct did not violate the accuser's right to be free of excessive force. Salim v. Proulx 93 F.3d 86, 91 (2d Cir. 1996). "Qualified immunity serves to protect police from liability and suit when they are required to make on-the-spot judgments in tense circumstances." Id. (quoting Lennon v. Miller, 66 F.3d 416, 424 (2d Cir. 1995)).

In determining questions of qualified immunity, the initial question is whether a right would have been violated based on the alleged facts. Saucier, 533 U.S. at 200. Further inquiry into the issue of qualified immunity is unnecessary if the allegations, accepted as true, fail to amount to the violation of a right. Id. at 201. Even where an officer's use of force might be deemed excessive so that it violates the Fourth Amendment, qualified immunity is still available to the officer if his or her mistake as to the legality of the force was reasonable. Id. at 206.

Here, Officer Allen's use of force is not a violation of the Fourth Amendment or § 1983, and thus Ambrose's claim fails and qualified immunity need not apply. Even if the force Officer Allen employed was excessive, qualified immunity would shield her from liability. The evidence indicates that Officer Allen believed that the force she used was necessary, and that Officer Allen's actions were based on an "on-the-spot judgment" and a "tense circumstance." Salim, 93 F.3d at 91. Officer Allen rushed towards Ambrose when she saw him manipulating his handcuffs, and stated "you can't." (Ex. J (50-h Transcript)) Although Ambrose claims that he was simply trying to make himself more comfortable, as previously stated, his actions easily could be perceived as part of an attempt to escape or harm someone else. Any force in addition to what was necessary to stop Ambrose from manipulating his handcuffs, if applied at all, was *de minimus*, and reasonable from an objective view of the

7

circumstances. Thus, even if the force employed was excessive, Officer Allen is entitled to qualified immunity, and the motion for summary judgment on the excessive force claim is granted.

B.  **State Law Malicious Prosecution Claim**

Ambrose also asserts that his rights were violated under State law, based on allegations that he was maliciously prosecuted on the harassment charge. "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness and comity -- will point toward declining jurisdiction over the remaining state-law claims." Lanza v. Merrill Lynch & Co., 154 F.3d 56, 61 (2d Cir. 1998) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Due to the grant of summary judgment of the excessive force claim, there is no longer any federal issue before this court, and accordingly the State law claim for malicious prosecution is remanded to State court.

## Conclusion

For the foregoing reasons, the motion for summary judgment is **GRANTED** as to the excessive force claim. The remaining State law malicious prosecution claim is **REMANDED**.

SO ORDERED.

/S/
Thomas C. Platt, U.S.D.J.

Dated:  Central Islip, NY
        August 9, 2005